

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUN 6 - 2008 ★ BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                          08 MC 179 (SJ)

      -against-                                **MEMORANDUM**
                                                          **AND ORDER**

THOMAS MAXWELL,

                Defendant.
------------------------------------------------------------X

APPEARANCES

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:    Jack Dennehy, Esq.
Attorney for Plaintiff

LAW OFFICES OF MARTIN G. GOLDBERG
P.O. Box 236
Franklin Square, NY 11010
By:    Martin G. Goldberg, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

       Defendant Thomas Maxwell ("Defendant") was arrested, pursuant to a valid Warrant for Arrest, on August 24, 2007, and charged with knowingly and intentionally threatening to assault and murder a Federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B). On two separate occasions since his arrest, Defendant was evaluated by qualified medical personnel to determine whether or not he is competent to stand trial in this matter. Specifically, Defendant was

1

evaluated by Dr. Elissa R. Miller, a licensed clinical psychologist employed by the Bureau of Prisons and appointed by United States Magistrate Judge Kiyo A. Matsumoto, who submitted her findings to the court on November 8, 2007. After meeting with Defendant over the course of several days, Dr. Miller concluded that Mr. Maxwell was not competent to stand trial and that he should be committed to the custody of the Attorney General in order to be restored to competency. Subsequently, Defendant was evaluated by Dr. Alexander S. Bardey, a licensed psychiatrist hired by the defense. In his report, dated March 11, 2008, Dr. Bardey concurred with Dr. Miller's findings, concluding that Defendant indeed suffers from a severe mental disease and therefore is not competent to stand trial.

Presently before the Court is the government's application, submitted on April 7, 2008 pursuant to 18 U.S.C. §§ 4241(b) – (d) and 4247(b) – (c), for a court order committing the Defendant to the custody of the Attorney General for restoration to competency, or in the alternative, for a hearing to determine whether or not Defendant is competent to stand trial in this matter.

Per the government's request, a hearing was held before this Court on April 24, 2008. After reviewing the parties' submissions, listening to the testimony of both Mr. Maxwell and Dr. Miller, and considering the evidence presented at the competency hearing, this Court finds, by a preponderance of the evidence, that the defendant is not competent to stand trial, given that he currently suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist in his own defense.

2

Accordingly, as required under 18 U.S.C. § 4241(d), Defendant is hereby committed to the custody of the Attorney General for the purpose of being restored to competency.

SO ORDERED.

Dated: May 29, 2008
Brooklyn, NY

s/SJ
Senior United States District Judge

3

P-049